IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHASTA CASEY HOWELL-MCCALLUM,

            Plaintiff,

v.

THE COUNTY OF ROCK, COUNTY OF GREEN, CITY OF BELOIT, CITY OF JANESVILLE, LAKE COUNTY MUNICIPAL COURT, CITY OF BROADHEAD, CITY OF MILTON, THE WISCONSCIN STATE PUBLIC DEFENDERS PROGRAM, THE WISCONSIN DEPARTMENT OF CORRECTIONS, GENERAL MOTORS, BLUE CROSS BLUE SHIELD AND SSA,

            Defendants.

OPINION and ORDER

24-cv-414-wmc

---

SHASTA CASEY HOWELL-MCCALLUM,

            Plaintiff,

v.

DAVID O'LEARY and SRB PROPERTY,

            Defendants.

OPINION and ORDER

24-cv-444-wmc

---

SHASTA CASEY HOWELL-MCCALLUM,

            Plaintiff,

v.

RICHARD ALAN BATES, *et al.*,

            Defendants.

OPINION and ORDER

24-cv-554-wmc

---

Plaintiff Shasta Howell-McCallum has filed the three civil actions captioned above. Because Howell-McCallum was incarcerated at the time she filed suit and is proceeding without paying the full filing fee for those actions, the next step is to screen these complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief

may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A and § 1915(e). The court also has an independent obligation to determine whether it has subject matter jurisdiction over the claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When screening a complaint filed by an unrepresented litigant, the court's construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, plaintiff's complaints must be dismissed for the reasons explained below. However, the court will give plaintiff one opportunity to file an amended complaint in Case No. 24-cv-414-wmc.

OPINION

**'414 Case**

In Case Nos. 24-cv-414-wmc, plaintiff raises federal and state-law claims against several municipalities and government entities, as well as General Motors and an insurance company. Plaintiff's numerous filings are difficult to understand, but she appears to be alleging a multi-decade conspiracy involving numerous government officials that resulted in harassment, assault, criminal charges and loss of parental rights, among other injuries. Some of plaintiff's claims are similar to those that have been rejected multiple times by this court and the Court of Appeals for the Seventh Circuit. *See Howell v. Wisconsin Dep't of Children and Family*, No. 19-cv-732-wmc (W.D. Wis. Sept. 15, 2020); *Howell v. Rock Cnty.*, No. 19-cv-733-wmc (W.D. Wis. Sept. 15, 2020); *Howell v. Bates*, No. 19-cv-754-wmc (W.D. Wis. Sept. 15, 2020); *Mally v. Bates*, No. 19-cv-755-wmc (W.D. Wis. Sept. 15, 2020); *Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020); *Mally v. Bates*, No. 20-cv-437-wmc (W.D. Wis. Mar. 16, 2021).

The court will not consider any of plaintiff's allegations and arguments regarding her parental rights, divorce or other family matters that have been litigated in state court already. As the court has explained to plaintiff numerous times, those claims cannot be raised in federal court. Nor will the court consider plaintiff's arguments relating to her ongoing state criminal cases, *Younger v. Harris*, 401 U.S. 37, 45 (1971), or her closed criminal cases. Such claims could be raised only in the context of a petition for a writ of habeas corpus, and only after she exhausted all her state-court remedies. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

After setting aside plaintiff's allegations regarding state court disputes and her ongoing criminal case, the court cannot determine whether plaintiff's remaining allegations state a claim against any defendant. The remaining arguments are lengthy, confusing, argumentative and appear to involve numerous unrelated incidents. This violates Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants, so that both the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks omitted).

The court will dismiss plaintiff's complaint without prejudice and give her an opportunity to file an amended complaint. The court will likewise dismiss all of the supplemental filings that plaintiff has filed in this case to date, as they merely complicate an already messy docket. If plaintiff chooses to file an amended complaint, she should use the court's complaint form, which the clerk's office will send her, and clearly and concisely explain what each defendant personally did to violate her rights. Plaintiff should not attach any

documents to her complaint to support her claims; her own allegations are enough at this stage, so long as she includes sufficient, factual detail regarding the "who, what, when, where, and why" of her claims. In other words, plaintiff should keep her complaint short and to the point, as if she were telling a story to people who know nothing about her situation, and only allege: (1) what acts she believes a named defendant undertook that violated her rights; (2) the specific person who committed those acts; (3) when those acts occurred; and (4) what relief she wants the court to provide. Plaintiff should omit any claims that she has already raised in previous cases, as well as any argument, inflammatory language and legal jargon. If plaintiff does not respond by the deadline of Thursday, September 12, 2024, the court will dismiss this lawsuit with prejudice for failure to state a claim upon which relief may be granted. The court will also record a strike under 28 U.S.C. § 1915(g).

**'444 Case**

In the '444 case, plaintiff claims that the Rock County prosecutor David O'Leary has refused to take criminal action against individuals and entities who have conspired to violate her rights, while filing criminal charges against her. She also names SRB Property as a defendant, which she alleges is an entity owned by O'Leary's wife. But plaintiff's allegations do not support plausible claims that O'Leary has violated her rights. Prosecutors "are absolutely immune for actions they undertake in their capacities as prosecutors," *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017), and specifically, in using their discretion "in deciding which suits to bring and in conducting them in court." *Conley v. United States*, 5 F.4th 781, 793 (7th Cir. 2021).

Plaintiff's numerous amendments and proposed additions to her complaint also do not

state any claim on which relief can be granted in this court. Her proposed amendments seek to add dozens of defendants but provide no allegations that would support a claim for relief. Accordingly, this case will be dismissed. Because the court cannot conceive of any amendment that would satisfy Federal Rule of Civil Procedure 8, dismissal will be with prejudice. Plaintiff will receive a strike under 28 U.S.C. § 1915(g).

**'554 Case**

In this '515 case, plaintiff claims that Judge Richard Alan Bates and 81 other government officials gave conspired against her to violate her rights, separate her family and incarcerate her illegally. As plaintiff has been told before, this court lacks jurisdiction to review any previous state court decisions. *See Howell*, 817 F. App'x at 270 ("Arguments like Howell's must be pursued on appeal through the state courts . . . .") (citation omitted). Nor can this court remove state government officials from office. Finally, plaintiff's new allegations do not support a conspiracy or any other claim against any of the defendants. This case will be dismissed with prejudice for lack of subject matter jurisdiction over the claims challenge state court decisions and for failure to state a claim against any other defendant. Because the allegations have been addressed previously in other cases or are frivolous, the dismissal is with prejudice and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint in Case No. 24-cv-414-wmc is DISMISSED without prejudice. She may have until September 12, 2024 to file an amended complaint that complies with this order. Plaintiff must file her amended complaint on the court's complaint form, which will be sent to her along with a copy of this order. If plaintiff fails to

    respond by that deadline, the court will dismiss this case with prejudice and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

2. In case No. 24-cv-414-wmc, plaintiff's motion for an injunction (dkt. #2), motion for defendants to pay costs (dkt. #9), motions to add defendant (dkt. #11 and dkt. #15), and motion for correction (dkt. #14) are DENIED.

3. Plaintiff's complaint in Case No. 24-cv-444-wmc is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.  The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g) for this case.

4. Plaintiff's complaint in Case No. 24-cv-554-wmc is DISMISSED for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g) for this case.

Entered August 21, 2024.

                                    BY THE COURT:

                                    /s/

                                  _____
                                  WILLIAM M. CONLEY
                                  District Judge